[No. AO19755. First Dist., Div. Three. Sept. 1, 1983.]

EVELYN M. POPPA, Plaintiff and Respondent, v.
BOARD OF ADMINISTRATION, PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Appellant.

**COUNSEL**

Cynthia G. Besemer for Defendant and Appellant.

T. Kirk McBride, N. Michael Rucka and Rucka, O'Boyle & Lombardo for Plaintiff and Respondent.

**OPINION**

**FEINBERG, J.**—The Board of Administration (Board) of the Public Employees' Retirement System (PERS) appeals from a judgment of the trial

court granting Mrs. Poppa special death benefits pursuant to Government Code section 21363 for the death of her husband.[1]

The decedent was a correctional officer for the Department of Corrections and retired on May 1, 1977. He voluntarily returned to active duty in October 1980 upon the request of prison officials, but continued to receive his monthly retirement allowance. Mr. Poppa died on October 7, 1980, and the Workers' Compensation Appeals Board determined that his death was "industrial." Mrs. Poppa received from PERS the lump sum Retired Death Benefit of $500 and Mr. Poppa's retirement contribution of $8,058.57. ■ She also petitioned for special death benefits under section 21363, which were denied because Mr. Poppa was not a member of PERS at the time of his employment that resulted in his death. After an administrative hearing which upheld PERS' position, the superior court issued a writ of mandamus ordering PERS to pay her special death benefits provided for by section 21363. We disagree and reverse.

As far as pertinent, section 21363 provides: "special death benefit is payable if the deceased was a patrol, state safety, state industrial or local safety member, if his death was industrial and if there is a survivor who qualifies . . . ."

The uncontroverted facts show that following his retirement in May 1977, Mr. Poppa never sought reinstatement and continued to draw his monthly retirement allowance.

Respondent argues here, as she did successfully in the court below, as follows: In 1968, former section 21163 (Stats. 1968, ch. 98, § 1, p. 308) was added to provide, in relevant part: "A person retired under this part may be appointed by the appointing power . . . . Such appointment shall be without reinstatement from retirement or loss or interruption of benefits under this part and no *additional rights or benefits under this system* shall be extended with respect to such appointment." (Italics added.)

The same year, section 21163 was repealed. (Stats. 1968, ch. 1150, § 5, p. 2184.) In 1969 the Legislature enacted the present version of section 21150 (Stats. 1969, ch. 1227, § 4, p. 2374, operative Dec. 1, 1969) which provided, as relevant here: "A person who has been retired under this system, for service . . . shall not be employed in any capacity thereafter by the state . . . unless he has first been reinstated from retirement . . . or unless such employment, without reinstatement, is authorized . . . . A re-

---

[1]Hereinafter, all statutory references are to the Government Code unless otherwise indicated.

tired person whose employment without reinstatement is authorized . . . shall acquire *no service credit or retirement rights* under this part with respect to such employment." (Italics added.)

At the time of decedent's death, section 21150 read substantially the same.

Decedent had not been reinstated from retirement. Respondent argues that the Legislature by repealing section 21163 and enacting section 21150, in effect, forbade the retired person employed without reinstatement, from acquiring *only* "service credit or retirement benefits" during such employment. Therefore, the special death benefit provided for in section 21363 being neither a service credit nor a retirement benefit, was properly payable to respondent because decedent was a retired person whose employment by the state was authorized without reinstatement and whose death was industrially caused.

In our view, respondent's conclusion does not follow even assuming her analysis of the effect of the change from former section 21163 to present section 21150.

At best, section 21150 does not forbid a retired employee from securing what benefits may be available under the PERS *other than* service credit or retirement rights. The section, however, does not *confer* any benefits. To ascertain whether respondent was entitled to special death benefits, we must look to the law that provides for such benefits.

As we noted, section 21363 explicitly states that the special death benefit is payable if a *member* in certain categories of employment dies as a result of his employment and if there is a qualified survivor.

Section 20013 defines "member" to mean "an employee who has qualified for membership in the Public Employees' Retirement System *and* on whose behalf an employer has become obligated to pay contributions." (Italics added.) The state, decedent's employer at the time of death, was *not* obligated to pay contributions to PERS on account of decedent's part-time employment because decedent was retired from PERS. Thus, respondent's thesis that decedent was *qualified* to be a member of PERS (he could have applied for reinstatement) was not sufficient, as a matter of law, to make him a member. Finally, section 20390, subdivision (a) provides that "A person ceases to be a member: (a) Upon retirement." Beyond peradventure of a doubt, decedent was not a member of PERS at the time of the employment that resulted in his death. Therefore, his survivor was not entitled to the special death benefit.

As the Supreme Court said in *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692 [170 Cal.Rptr. 817, 621 P.2d 856], "[i]f the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (At p. 698.)

The order granting a writ of mandate is reversed and the trial court is directed to enter its order denying the writ.

White, P. J., and Barry-Deal, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 26, 1983.